IN THE COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CHELAN

| | |
|---|---|
| CHERYL BYE, | )<br>) |
| Plaintiff, | ) No.<br>) |
| v. | ) **COMPLAINT FOR DAMAGES**<br>) |
| WALMART INC., a Delaware corporation, DBA Walmart Store #2187, registered to do business in Washington and JOHN DOES I-III. | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

COMES NOW the Plaintiff, Cheryl Bye, by and through Plaintiff's attorney, Christopher Brester of GLP Attorneys, P.S., Inc., and complains and alleges against the above-named Defendants as follows:

## I. PARTIES

1.1 Plaintiff, Cheryl Bye, is a resident of East Wenatchee, Douglas County, Washington, and resided in East Wenatchee, Douglas County, Washington, at all times relevant and material to this Complaint.

**COMPLAINT FOR DAMAGES - 1**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
18 S. MISSION ST., STE. 203
WENATCHEE, WASHINGTON 98801
(509) 455-3636
FACSIMILE (509) 888-2332

1.2     Defendant Walmart, Inc. ("Walmart") DBA as Walmart #2187 is a Delaware corporation, duly licensed in the State of Washington and does business in Chelan County, Washington. Its registered agent for service of process is CT Corporation System 711 Capitol Way S., Ste. 204, Olympia, WA 98501.

1.3     Plaintiff alleges evidence may show that the stacking of the boxes that fell on Cheryl Bye may be persons whose identity is currently not known and who bear responsibility for the damages suffered by Plaintiff. Theses persons are referred to as JOHN DOES I-III. When the identity of such persons becomes known, these pleadings will be amended to reflect their true identity.

## II. JURISDICTION AND VENUE

2.1     Plaintiff, Cheryl Bye, was at all times relevant and material to this Complaint, is a resident of Douglas County, Washington.

2.2     Defendant Walmart, Inc., on information and belief, was doing business in the State of Washington including Wenatchee, Chelan County at all relevant and material times alleged herein and its registered agent for service of process is CT Corporation System 711 Capitol Way S., Ste. 204, Olympia, WA 98501.

2.3     Defendants JOHN DOES I-III, on information and belief were residents of Washington, at all times relevant and material to this Complaint. Fictitious Defendants JOHN DOES I-III, whose true name and capacity are unknown to Plaintiff and who were employees of Walmart, Inc. who were responsible for stacking the box that fell on Cheryl Bye. Plaintiff therefore sues these Defendants by such fictitious names. Plaintiff reserves

**COMPLAINT FOR DAMAGES - 2**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
18 S. MISSION ST., STE. 203
WENATCHEE, WASHINGTON 98801
(509) 455-3636
FACSIMILE (509) 888-2332

the right to amend the Complaint to state the true names and capacities of such unknown additional defendants, denominated here as JOHN DOES I-III.

2.4 The incident that is the subject of this litigation occurred in Chelan County, Washington. Venue is proper pursuant to RCW 4.12.020(3).

### III. FACTS

3.1 <u>Date</u>: The incident that gave rise to this litigation occurred on December 14, 2019.

3.2 <u>Location</u>: The incident that gave rise to this litigation occurred on the premises of Walmart, Inc. in Wenatchee, Washington.

3.3 <u>Invitee</u>: At all times relevant and material to this lawsuit, Plaintiff Cheryl Bye was a customer of Wal-Mart and frequented the premises for the purpose of transacting business.

3.4 <u>Details</u>:

(a) On December 14, 2019, Cheryl Bye was shopping at Walmart, Inc. pushing a shopping cart.

(b) As she walked past a large cart with boxes stacked for restocking the shelves, a box fell off the stack of boxes and hit the back of Cheryl Bye's leg.

(c) The falling box caused Cheryl Byer to fall forward with her arms still on the handle of the shopping cart pulling her arm forward and up.

    (1) Defendants had not secured the boxes on the cart so they could not fall.

**COMPLAINT FOR DAMAGES - 3**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
18 S. MISSION ST., STE. 203
WENATCHEE, WASHINGTON 98801
(509) 455-3636
FACSIMILE (509) 888-2332

(2) Defendants failed to safely maintain the walkways and failed to warn and protect all invitees from harm.

(3) As a direct and proximate result, the Plaintiff sustained severe, injuries.

3.5 <u>Notice - Defendant Walmart, Inc.</u>: Defendant Walmart, Inc., either knew or should have known of the dangerous condition in its walkways, which is where its customers and invitees walk through the store.

3.6 <u>Notice - Defendant JOHN DOES I-III</u>: Defendants JOHN DOES I-III either knew or should have known of the dangerous condition in its walkways because it was responsible for the safety of the customers and invitees when they walk through the store.

## IV. **NEGLIGENCE**

4.1 <u>Duties of Walmart, Inc., and JOHN DOES I-III</u>: On the date of the alleged occurrence, Walmart, Inc. and JOHN DOES I-III were under the ownership, control, supervision, management care and maintenance of Defendant Walmart, Inc. and JOHN DOES I-III. The Defendants, by and through its agents, servants and employees owed Plaintiff a duty to provide and maintain safe premises for the benefit of its invitees. Defendant also had a duty to:

a) Ensure that its employees transported and stored goods in the store in a safe manner;

**COMPLAINT FOR DAMAGES - 4**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
18 S. MISSION ST., STE. 203
WENATCHEE, WASHINGTON 98801
(509) 455-3636
FACSIMILE (509) 888-2332

b) Ensure cargo and goods were properly loaded, stacked, balanced, and weighted on pallets when being transported in the store;

c) To provide adequate warnings, caution signs, notices, or instructions regarding how to load, unload, store, and transport pallets;

d) To provide adequate training to all employees on the premises to ensure pallets are stacked in a reasonable safe condition for loading, unloading, and transport;

e) To provide adequate supervision to all employees on the premises to ensure pallets are stacked in a reasonable, safe condition for loading, unloading, and transport;

f) To provide and implement and enforce adequate safety measures to ensure pallets are stacked in a reasonable, safe condition for loading, unloading, and transport;

g) Have a policy for restocking product and securing pallets during restocking of product;

h) Ensure that all employees have been trained on proper procedures and policies for restocking product, securing loads, and transporting goods in the store;

i) Ensure that its employees complied with all applicable policies and procedures regarding transporting goods in the store;

j) Provide invitees with warning signs regarding unsafe areas and hidden dangers;

**COMPLAINT FOR DAMAGES - 5**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
18 S. MISSION ST., STE. 203
WENATCHEE, WASHINGTON 98801
(509) 455-3636
FACSIMILE (509) 888-2332

k) Have a system to provide warnings to invitees by roping off, taping off, and/or utilizing safety cones to mark unsafe areas and hidden dangers;

l) Have a system in place to inspect the premises for unsafe conditions;

m) Inspect the premises for unsafe conditions once its employees become aware or should have become aware of potential unsafe conditions;

n) Eliminate unsafe conditions on its premises once its employees become aware or should have been aware of unsafe conditions.

4.2 <u>Breach</u>: Defendant Walmart, Inc. and JOHN DOES I-III breached their duties as set forth in paragraphs 3.3 and 4.1.

4.3 <u>Proximate Cause</u>: As a direct and proximate cause of Defendant's breach of its duties as set forth in paragraphs 4.1, 4.2, and 4.3, Plaintiff Cheryl Bye has suffered personal injuries, including but not limited to, left shoulder replacement and back pain.

4.4 <u>Notice</u>: The Defendants had actual and/or constructive notice of the defects and negligence alleged in paragraphs 3.4, through 3.6, and paragraphs 4.1 through 4.3.

## V. NO COMPARATIVE FAULT

5.1 Plaintiff was without negligence of any kind or nature whatsoever and did not contribute to her own injuries or damages in any way.

## VI. RES IPSA LOQUITOR

6.1 <u>Res Ipsa Loquitur</u>: Defendants Walmart, Inc. and John Does I-III were the sole persons or entities in control of the large cart loaded with merchandise that fell and

**COMPLAINT FOR DAMAGES - 6**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
18 S. MISSION ST., STE. 203
WENATCHEE, WASHINGTON 98801
(509) 455-3636
FACSIMILE (509) 888-2332

injured plaintiff Cheryl Bye. Merchandise should not fall from a properly loaded and operated cart. Plaintiff Cheryl Bye did not contribute in any way to the incident. Defendants' actions and the incident speak for themselves and Defendants are liable for Cheryl Bye's injuries as a matter of law.

## VII. DAMAGES

7.1     As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered physical injuries, and Plaintiff is entitled to fair and reasonable compensation.

7.2     As a direct and proximate result of the negligence alleged herein, Plaintiff has incurred and may continue to incur medical expenses and other out-of-pocket expenses, and Plaintiff is entitled to fair and reasonable compensation.

7.3     As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered and may continue to suffer physical pain and suffering, and Plaintiff is entitled to fair and reasonable compensation.

7.4     As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered mental and emotional distress, loss of enjoyment of life, past and future disability, permanency of injury, and Plaintiff is entitled to fair and reasonable compensation.

7.5     As a direct and proximate result of the negligence alleged herein, Plaintiff has sustained past wage loss and loss of future earning capacity.

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
18 S. MISSION ST., STE. 203
WENATCHEE, WASHINGTON 98801
(509) 455-3636
FACSIMILE (509) 888-2332

7.6     Plaintiff is entitled to reasonable attorneys' fees.

7.7     Plaintiff is entitled to prejudgment interest on all medical and other out-of-pocket expenses directly and proximately caused by the negligence alleged in this Complaint.

7.8     Plaintiff is entitled to costs and disbursements herein.

## VIII. WAIVER OF PHYSICIAN/PATIENT PRIVILEGE

8.1     Plaintiff asserts the physician/patient privilege for 88 days following the filing of this Complaint. On the 89th day following the filing of this Complaint, the Plaintiff hereby waives the physician/patient privilege.

8.2     The waiver is conditioned and limited as follows: (1) The Plaintiff does not waive her constitutional right of privacy; (2) the Plaintiff does not authorize contact with any of his health care providers except by judicial proceeding authorized by the Rules of Civil Procedure; (3) Defendant's representatives are specifically instructed not to attempt ex parte contacts with Plaintiff's health care providers; and (4) Defendant's representatives are specifically instructed not to write letters to Plaintiff's health care providers telling them that they may mail copies of records to the Defendant.

In the case of <u>Loudon v. Mhyre</u>, 110 Wn.2d 675, 756 P.2d 138 (1988), the Supreme Court dealt very simply with the issue of ex parte contact with the Plaintiff's physicians:

> The issue presented is whether defense counsel in a personal injury action may communicate ex parte with the Plaintiff's treating physicians when the Plaintiff has waived the physician/patient privilege. We hold that defense counsel may

**COMPLAINT FOR DAMAGES - 8**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
18 S. MISSION ST., STE. 203
WENATCHEE, WASHINGTON 98801
(509) 455-3636
FACSIMILE (509) 888-2332

not engage in ex parte contact, but is limited to the formal discovery methods provided by court rule.

Id. at 675-676, 756 P.2d at 139.

Wherefore, Plaintiff prays for judgment against Defendant and prays for relief as follows:

## IX. **RELIEF SOUGHT**

9.1 Special damages for Plaintiff in such amounts as are proven at trial.

9.2 General damages for Plaintiff in such amounts as are proven at trial.

9.3 Costs including reasonable attorneys' fees for Plaintiff as are proven at trial.

9.4 Prejudgment interest on all liquidated damages.

9.5 For such other and further relief as the court deems just, equitable and proper for Plaintiff at the time of trial.

DATED this 31st day of October 2022.

GLP ATTORNEYS P.S., INC.

Christopher J. Brester, WSBA #34321
Attorney for Plaintiff Cheryl Bye

**COMPLAINT FOR DAMAGES - 9**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
18 S. MISSION ST., STE. 203
WENATCHEE, WASHINGTON 98801
(509) 455-3636
FACSIMILE (509) 888-2332